```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**MARTIN GEYER,**
*d/b/a Wellworth Fastener Products*,

       Plaintiff,

v.                                          Civil Action No. 2:12-04678

**UNITED STATES VAN LINES, and
ALL COAST TRANSPORTERS, INC.,**

       Defendants.


<u>MEMORANDUM OPINION AND ORDER</u>

       Pending before the court are numerous motions filed by both parties.

       I.   Factual and Procedural Background

       The plaintiff, Martin Geyer, engaged defendant All Coast Transporters to convey personal and professional effects from Columbus, Ohio, to Rincon, Georgia.  Compl. ¶ 4; Notice of Removal 14.  The bill of lading indicates that the plaintiff surrendered his property to defendant All Coast Transporters on May 13, 2010.  Notice of Removal 14.  At an undetermined time, defendant United States Van Lines obtained possession of the cargo.  <u>See</u> Compl. ¶ 7.  On May 14, 2010, the United States Van Lines truck containing the plaintiff's belongings caught fire while travelling through Jackson County, West Virginia.  <u>Id.</u>  Presumably, the property within was either damaged

or destroyed.

On May 1, 2012, the plaintiff filed suit in the Circuit Court of Jackson County, West Virginia. Notice of Removal 13. The complaint asserts claims for breach of contract and negligence under West Virginia law. Compl. ¶¶ 6-16.

On August 24, 2012, defendant All Coast Transporters removed.[1] Removal of civil actions brought in state courts is permitted only if federal district courts are vested with original jurisdiction over the relevant subject matter. 28 U.S.C. § 1441(a). The district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Id. § 1331. In exceptional circumstances, causes of action created by state law are deemed to arise under federal law, thus conferring original jurisdiction upon federal district courts. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 8 (2003).

State-law claims that are "completely preempted" by certain federal statutes, for example, allow federal courts to invoke original jurisdiction.[2] Id. The Carmack Amendment to the

---

[1] Defendant United States Van Lines has not yet appeared, prompting an entry of default by the Clerk of the U.S. District Court for the Southern District of West Virginia on October 12, 2012. See Entry of Default by Clerk.

[2] Complete preemption, a jurisdictional doctrine that "converts a well-pleaded state law claim into an inherently federal claim,"

Interstate Commerce Act of 1887 provides "the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier," completely preempting alternate claims.  Hoskins v. Bekins Van Lines, 343 F.3d 769, 778 (5th Cir. 2003) (finding breach-of-contract, negligence, and deceptive-trade-practices claims completely preempted).  Therefore, causes of action grounded in state law, but predicated upon events generating carrier liability under the Carmack Amendment, arise under federal law.  Hall v. N. Am. Van Lines, Inc., 476 F.3d 683, 687-89 (9th Cir. 2007); Hoskins, 343 F.3d at 778 (quoting Beneficial, 539 U.S. at 11).  Accordingly, 28 U.S.C. § 1331 vests federal district courts with original jurisdiction over state-law claims against carriers alleging property loss or damage, rendering removal of those claims appropriate.  See 28 U.S.C. § 1441(a).  The claim need only exceed $10,000, excluding interest and costs.  Id. § 1445(b).

      Chapter 147 of the Carmack Amendment governs, in part, the liability of various classes of carriers under bills of lading.  See 49 U.S.C. § 14706.  Subject classes include motor carriers transporting property across state boundaries.  Id. §§ 13501(1)(A),

---

differs from the affirmative defense of preemption.  Hall v. N. Am. Van Lines, Inc., 476 F.3d 683, 689 n.8 (9th Cir. 2007).  Few federal statutes, even among those that provide the basis for successful preemption defenses, "have the requisite extraordinary preemptive force to support complete preemption."  See Sullivan v. Am. Airlines, Inc., 424 F.3d 267, 272-73 (2d Cir. 2005).

14706(a)(1).  In this case, the plaintiff does not dispute that both defendants operate as "interstate carrier[s] for hire," and were engaged to convey the plaintiff's property from Ohio to Georgia, as evidenced by the bill of lading.  Notice of Removal 1, 14.  The plaintiff's breach-of-contract and negligence claims, seeking damages of $1.5 million from the defendant carriers for lost or destroyed property, thus fall within the scope of the Carmack Amendment.  Given that the amount in controversy exceeds $10,000, this court may properly exercise jurisdiction over the removed claims, pursuant to 28 U.S.C. § 1331, § 1441(a), and § 1445(b).[3]

The plaintiff has filed two separate motions to remand, dated October 9, 2012 (ECF No. 15), and October 12, 2012 (ECF No. 19), respectively.[4]  The plaintiff also moved for the entry of default

---

[3]  Generally, the defendant must file notice of removal within thirty days of being served with the initial pleading.  28 U.S.C. § 1446(b)(1), (b)(2)(B).  If the initial pleading states a case that does not qualify for removal, however, the defendant may still remove within 30 days of receiving written documentation indicating that removal would be appropriate.  Id. § 1446(b)(3).  In this case, defendant All Coast Transporters first learned that the amount in controversy exceeded $10,000, as required by 28 U.S.C. § 1445(b), on July 26, 2012.  Notice of Removal 2.  Notice of removal was then timely filed with this court on August 24, 2012.

[4]  The plaintiff also filed a "supplemental response memorandum" (ECF No. 35) and a "notice of filing" (ECF No. 36) on October 18, 2012. The substance of the "supplemental response memorandum" addresses a pending motion to amend the complaint, despite being designated as a further response to the motion to remand.  See Pl.'s Supplemental Resp. Mem. 1, ECF No. 35.  The "notice of filing," however, does contain exhibits relevant to removal.  See generally Pl.'s Notice of Filing.  Thus, the court construes the additional notice of filing

against defendant All Coast Transporters on October 12, 2012 (ECF No. 23). Finally, the plaintiff and defendant All Coast Transporters have filed several miscellaneous motions, also dealt with below.

## II.  Analysis

A.  First Motion to Remand (ECF No. 15)

The plaintiff's first motion to remand is premised on the removing defendant's failure to file notice with the Circuit Court of Jackson County, West Virginia, as required by 28 U.S.C. § 1446(d). Pl.'s Objection to Notice of Removal 1, ECF No. 15.  The plaintiff acknowledges, however, that defendant All Coast Transporters subsequently provided the state court with notice of removal on October 10, 2012.  See Pl.'s Objection to Notice of Removal and Pl.'s Mot. to Remand ("Pl.'s Second Mot.") at 1, ECF No. 19.  Thus, the plaintiff's first motion to remand (ECF No. 15) is denied as moot.

B.  Second Motion to Remand (ECF No. 19)

On October 12, 2012, after the requisite notice was submitted to the Circuit Court of Jackson County, the plaintiff filed a second motion to remand.  The plaintiff contends that defendant All Coast Transporters failed to file notice of removal in state court

---

as a motion for leave to surreply, pursuant to Local Rule 7.1(a)(7), regarding the second motion to remand (ECF No. 19).  Absent an objection by either defendant, the court grants the motion and will consider any relevant material presented in the surreply documents.

promptly, as mandated by 28 U.S.C. § 1446(d).  Pl.'s Second Mot. 1.  The plaintiff also asserts that valid removal requires the consent of all properly served defendants, which was not obtained.  Pl.'s Reply to Def. All Coast Transporters, Inc.'s Resp. to Pl.'s Objection to Notice of Removal and Pl.'s Mot. to Remand ("Pl.'s Reply") at 2.  Defendant All Coast Transporters responds that the plaintiff's objections are barred by 28 U.S.C. § 1447(c).  Def. All Coast Transporters, Inc.'s Resp. to Pl.'s Objection to Notice of Removal and Pl.'s Mot. to Remand ("Def.'s Resp.") at 2.

28 U.S.C. § 1447(c) requires that motions to remand "on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."  28 U.S.C. § 1447(c).  Failure to obtain unanimous consent from all necessary defendants is a procedural defect that does not implicate subject-matter jurisdiction.  Doe v. GTE Corp., 347 F.3d 655, 657 (7th Cir. 2003); Balazik v. Cnty. of Dauphin, 44 F.3d 209, 213 (3d Cir. 2002); Johnson v. Helmerich & Payne, Inc., 892 F.2d 422, 423 (5th Cir. 1990) (citing Johnson v. Odeco Oil & Gas Co., 864 F.2d 40, 42 (5th Cir. 1989); Harris v. Edward Hyman Co., 664 F.2d 943, 945 (5th Cir. 1981)).  Similarly, failure to promptly provide the state court notice of removal pursuant to 28 U.S.C. § 1446(d) is also deemed a procedural defect.  See Peterson v. BMI Refractories, 124 F.3d 1386, 1395 (11th Cir. 1997) (holding

that even the complete "failure of notice to the state court is a procedural defect that does not defeat federal jurisdiction"); see also Koerner v. Aetna U.S. Healthcare, Inc., 92 F. App'x 394, 396 (9th Cir. 2003) (citing Fristoe v. Reynolds Metals Co., 615 F.2d 1209, 1212-13 (9th Cir. 1980)); Rashid v. Schenck Constr. Co., 843 F. Supp. 1081, 1085-86 (S.D. W. Va. 1993). Therefore, potential objections to removal based on lack of unanimous consent among defendants or imperfect compliance with § 1446(d) are deemed waived if not raised within 30 days of the notice of removal being filed in federal court. See 28 U.S.C. §§ 1446(a), 1447(c).

In this case, defendant All Coast Transporters filed a notice of removal in the U.S. District Court for the Southern District of West Virginia on August 24, 2012. The plaintiff's second motion to remand, asserting defective compliance with § 1446(d), and the plaintiff's subsequent reply brief, noting that defendant United States Van Lines had not consented to removal, were not filed until October 12, 2012, and October 17, 2012, respectively. Accordingly, because the plaintiff failed to raise his procedural objections within the 30-day period established by 28 U.S.C. § 1447(c), the plaintiff's motion to remand is denied.

In conclusion, this court properly assumed jurisdiction as of August 24, 2012. See Aqualon Co. v. MAC Equip., Inc., 149 F.3d 262, 264 (4th Cir. 1998) (citing Berberian v. Gibney, 514 F.2d 790,

792 (1st Cir. 1975); Burroughs v. Palumbo, 871 F. Supp. 870, 872 (E.D. Va. 1994)) (stating that "[f]ederal jurisdiction attached as soon as . . . a Notice of Removal [was filed] in Federal Court"). The Circuit Court of Jackson County, West Virginia, however, maintained concurrent jurisdiction until October 10, 2012. See South Carolina v. Moore, 447 F.2d 1067, 1073 (4th Cir. 1971) (noting that state tribunals are not divested of jurisdiction under § 1446 until the proper documents are submitted to both the state and federal courts); accord Berberian, 514 F.2d at 792-93. Thus, the court must address any pending state-court motions filed during the intervening period of joint jurisdiction, see Holmes v. AC & S, Inc., 388 F. Supp. 2d 663, 667 (E.D. Va. 2004) (citing Burroughs v. Palumbo, 871 F. Supp. 870, 872 (E.D. Va. 1994)) ("Once the notice of removal has been effectively filed in both courts, the federal court takes the case in the posture in which it departed the state court, treating everything done in the state court as if it had been done in federal court."), as well as motions filed in federal court after August 24, 2012.

C.  Entry of Default Against Defendant All Coast Transporters

On October 9, 2012, the plaintiff moved the Circuit Court of Jackson County, West Virginia to enter default against defendant

All Coast Transporters.[5]  See Pl.'s Mot. for an Entry of Default Against Def. All Coast Transporters, Inc. ("Pl.'s Mot. for Default") Ex. 3, at 1.  The plaintiff has yet to provide a copy of the motion filed in state court.  He has, however, filed a duplicate motion for entry of default against defendant All Coast Transporters with this court.  See Pl.'s Mot. for Default, ECF No. 23; Mot. to Withdraw Pl.'s Mot. for Default ¶ 10, ECF No. 40.  In the interests of judicial efficiency, the court will resolve the two motions jointly, presuming that the federal motion essentially mirrors the state motion.[6]

The plaintiff requests that the Clerk of the Court enter default against defendant All Coast Transporters, pursuant to Federal Rule of Civil Procedure 55(a).  See Pl.'s Mot. for Default 1.  The plaintiff alleges that Defendant All Coast Transporters was properly

---

[5] The plaintiff notes that the "Honorable David Nibert of the Circuit Court of Jackson County, West Virginia, signed an order granting Plaintiff's Motion for Default Judgment against All Coast on October 10, 2012, prior to that court being provided a copy of All Coast's Notice of Removal."  Pl.'s Reply 4.  Orders granting default judgment, however, are not effective until entered onto the docket.  W. Va. R. Civ. P. 55(e), 58; see State v. Mason, 205 S.E.2d 819, 823 (W. Va. 1974).  Judge Nibert's order was entered on October 12, 2012, see Pl.'s Reply Ex. B, at 2, two days after the Jackson County Circuit Court was divested of jurisdiction.  Therefore, the motion remains unresolved.

[6] Accordingly, the plaintiff's motion to withdraw his request for entry of default in federal court (ECF No. 40) as repetitive of the pending state-court motion is denied.  See Mot. to Withdraw Pl.'s Mot. for Default ¶ 10, ECF No. 40; cf. Johnstown Feed & Seed, Inc. v. Cont'l W. Ins. Co., No. 07-cv-00290-MSK-CBS, 2007 WL 1346595, at *3 (D. Colo. May 8, 2007) (requiring the parties to refile in federal court any motions pending in state court at the time of removal).

served on May 7, 2012, and failed to respond within the timeframe established by the Federal Rules of Civil Procedure.[7] Id. at 1-3. In response, defendant All Coast Transporters argues that it has responded to the complaint by filing a notice of removal, an answer, and a motion to dismiss.[8] Def. All Coast Transporters, Inc.'s Resp. to Pl.'s Mot. for Default ("Def.'s Resp. to Mot. for Default") 1-3.

Federal Rule of Civil Procedure 55(a) requires the clerk to enter default should a party fail "to plead or otherwise defend" against requested affirmative relief. Fed. R. Civ. P. 55(a). The court, however, may grant additional time for action. 10A Charles A. Wright et al., Federal Practice and Procedure § 2682 (3d ed. 1995). Moreover, "if [the] defendant appears and indicates a desire to contest the action, the court can . . . refuse to enter a default." Id. Thus, an untimely defensive action does not necessitate entry of default, particularly in the absence of prejudice to the movant. See Dow v. Jones, 232 F. Supp. 2d 491, 494-95 (D. Md. 2002) (denying

---

[7] The plaintiff references the West Virginia Rules of Civil Procedure. See generally Pl.'s Mot. for Default. The Federal Rules of Civil Procedure, however, control all properly removed civil actions. Fed. R. Civ. P. 81(c)(1). The court will thus construe the plaintiff's arguments as referencing the appropriate federal rule.

[8] The defendant also asserts that all filings were timely, as proper service did not occur until July 25, 2012. See Def.'s Resp. to Mot. for Default 1-2. The defendant, however, fails to identify any defect rendering the purported service on May 7, 2012 invalid and offers nothing beyond a brief, unsubstantiated assertion to establish July 25, 2012 as the actual date on which proper service was accomplished. See id.

10

entry of default despite the defendant's failure to take defensive action within the period prescribed by the Federal Rules of Civil Procedure 12(a), given the lack of prejudice to the plaintiff and the "Fourth Circuit's strong preference that cases be decided on their merits"); see also Lacy v. Sitel Corp., 227 F.3d 290, 292 (5th Cir. 2000) (quoting Mason & Hanger-Silas Mason Co. v. Metal Trades Council, 726 F.2d 166, 168 (5th Cir. 1984)) (stating that the mere failure to comply with a "procedural time requirement" should not result in default judgment).[9]

In this case, despite an initial delay in responding to the complaint, defendant All Coast Transporters has repeatedly demonstrated its intent to defend. Prior to the plaintiff requesting entry of default, the defendant filed a notice of removal, an answer, and a motion to dismiss. See Fed. R. Civ. P. 55(a) advisory committee's note (confirming that acts demonstrating intent to defend

---

[9] Other courts, albeit in unpublished decisions, have similarly concluded that violations of the timing provisions of Rule 12 do not require the entry of default, assuming a displayed intent to defend and no resulting prejudice. See, e.g., United States v. Edwards, No. 2:10-cv-098-EJL-CWD, 2011 WL 2441682, at *2 (D. Idaho June 14, 2011) (citing Dow, 232 F. Supp. 2d at 494-95); Surplus Source Grp., LLC v. Mid Am. Engine, Inc., No. 4:08-cv-049, 2008 WL 2704867, at *1-2 (E.D. Tex. July 7, 2008). At least one court has concluded that the current iteration of Rule 55(a) completely precludes courts from entering default once any action indicating an intent to defend occurs, even if untimely. In re Clark, No. C09-1373RAJ, 2010 WL 2639842, at *3 (W.D. Wash. June 28, 2010) (noting that the pleading or defensive action necessary to prevent an entry of default no longer need occur as "provided by these rules," following the 2007 amendments to Rule 55(a)).

11

need not be "connected to any particular rule").  Furthermore, none of the documents submitted to the court suggest that the plaintiff would be prejudiced should entry of default be refused.  Accordingly, the plaintiff's motion for entry of default against defendant All Coast Transporters, Inc. (ECF No. 23) is denied.

D.  Entry of Default Against Defendant United States Van Lines

On October 12, 2012, the plaintiff also moved for entry of default against defendant United States Van Lines (ECF No. 22).  The Clerk of the Court, however, had already entered default against the unresponsive defendant in response to an earlier motion by the plaintiff.  Having determined that this court had proper jurisdiction as of August 24, 2012, the plaintiff's second motion for entry of default (ECF No. 22) is denied as moot.

E.  Motions to Amend the Complaint

The plaintiff has also filed duplicate motions seeking to amend his complaint, on October 3, 2012 (ECF No. 12) and October 12, 2012 (ECF No. 21) respectively.  The proposed amendments assert federal claims under the Carmack Amendment and exclude the state-law claims for breach of contract and negligence.  Defendant All Coast Transporters has indicated to the court, in writing, that it does not oppose the motion.  Consequently, pursuant to Federal Rule of Civil Procedure 15(a)(2), the court grants the plaintiff's initial motion

to amend (ECF No. 12) and denies the duplicate motion to amend (ECF No. 21) as moot.

The clerk is directed to enter the "Notice of First Amended Complaint" (ECF No. 30) as the first amended complaint.  The clerk is further directed to enter the "Notice of Answer to Plaintiff's First Amended Complaint with Affirmative Defenses and Cross-Claim" (ECF No. 39) as the first amended answer and cross-claim.

F.   Motion to Dismiss

Pending as well is defendant All Coast Transporters's motion to dismiss the original complaint (ECF No. 10), filed on October 1, 2012.  That motion, predicated upon the assumption that the plaintiff's state-law claims were preempted by the Carmack Amendment, has been mooted by subsequent amendments to the complaint.  See supra Part II.E.  Therefore, the motion (ECF No. 10) is denied.

G.   Motion for Extension of Time to Respond to Motion to Dismiss

Finally, the plaintiff's motion for an extension of time to respond to the now moot motion to dismiss (ECF No. 14) is denied as moot.

### III. Conclusion

In summary, the plaintiff's initial motion to remand (ECF No. 15) is denied as moot. The plaintiff's "notice of filing" (ECF No. 36), construed by the court as a motion to surreply regarding the second motion to remand, is granted. The plaintiff's second motion to remand (ECF No. 19) is denied. The plaintiff's motion to withdraw his motion for entry of default against defendant All Coast Transporters, Inc. (ECF No. 40) is denied, as is the motion for entry of default itself (ECF No. 23). The plaintiff's second motion for entry of default against defendant United States Van Lines (ECF No. 22) is denied as moot, the Clerk of the Court having previously entered default against that same defendant on October 12, 2012. Furthermore, the plaintiff's first motion to amend his complaint (ECF No. 12) is granted, and the second motion to amend (ECF No. 21) denied as moot. The clerk is directed to enter the "Notice of First Amended Complaint" (ECF No. 30) as the first amended complaint, and the "Notice of Answer to the Plaintiff's First Amended Complaint with Affirmative Defenses and Cross-Claim" (ECF No. 39) as the first amended answer and cross-claim. Finally, the defendant's motion to dismiss (ECF No. 10) and the plaintiff's motion for extension of time to respond to the motion to dismiss (ECF No. 14) are denied as moot.

The Clerk is requested to transmit this opinion and order to all counsel of record and to any unrepresented parties.

DATED: January 4, 2013

John T. Copenhaver, Jr.
United States District Judge